UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOARD, IV,

    Petitioner,                    Civil No. 05-CV-73136-DT
                                         HONORABLE GEORGE CARAM STEEH
v.                                  UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Robert Hoard, IV, ("Petitioner"), presently confined at the Saginaw County Jail in Saginaw, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1] In his *pro se* application, petitioner challenges his pending prosecution in the Saginaw County Circuit Court for unspecified criminal offenses. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

### I. Background

Petitioner claims that he was imprisoned by the Michigan Department of Corrections on September 28, 2004 for allegedly violating parole on an unspecified felony conviction. Petitioner's parole was reinstated on November 22, 2004.

---

[1] Because petitioner's application for a writ of habeas corpus has been brought prior to him being convicted of any crimes, the Court will construe it as a petition brought pursuant to 28 U.S.C. § 2241(c)(3). *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999).

Petitioner claims that he was transferred to the Saginaw County Jail on the same day and arraigned on the exact same criminal charges that had been the basis of his parole violation.

Petitioner claims that he filed a motion for recognizance release on June 20, 2005, because he had not been brought to trial within 180 days of his arraignment, as required by M.C.R. 6.004(c).  Petitioner has also filed several other motions, including a motion to suppress a warrantless search, a motion to reconsider, a motion to suppress false information, a motion to dismiss the pending criminal charges on the grounds that petitioner's speedy trial rights under the 180 day rule contained in M.C.R. 6.004(d) had been violated, a motion to release seized property, and a request for access to law library and compensation for expert witnesses and materials.  Petitioner claims that a number of these motions were denied by the Saginaw County Circuit Court judge on August 9, 2005, without petitioner being present in court.  Although unclear, it appears that petitioner has chosen to represent himself in his state court prosecution.

Petitioner has now filed an application for writ of habeas corpus, in which he seeks full dismissal of the pending state prosecution.

## II.  Discussion

The instant petition must be dismissed, because petitioner has yet to be convicted of the pending criminal charges.  In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of

an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *See Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996). Although federal courts have jurisdiction to hear pre-trial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pre-trial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-46 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy Clause of the federal

constitution. *Satter v. Leapley*, 977 F. 2d 1259, 1261 (8th Cir. 1992); *Moore v. United States*, 875 F. Supp. at 622, n. 2.  Petitioner does not allege a double jeopardy violation in his case.  In any event, a federal court cannot entertain a double jeopardy claim that is brought in a pre-trial habeas petition unless the petitioner has first exhausted his or her available state court remedies. *See Ross v. Petro,*---- F. Supp. 2d ----; 2005 WL 2001229, * 15 (N.D. Ohio August 22, 2005).  Because there is no indication that petitioner has appealed the denial of these motions to the Michigan appellate courts, his pre-trial petition is not ripe for review.

Another exception to this rule would involve a pre-trial habeas petition in which a state prisoner asserted his or her speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*, 644 F. 2d at 547.  Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally nonattainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. *Id.*

Although petitioner alleges a violation of his right to a speedy trial, he is not entitled to prejudgment habeas relief for several reasons.  First, petitioner does not allege that he has exhausted his state court remedies with respect to his speedy trial claim, because there is no indication that he raised his speedy trial claims with the Michigan appellate courts. *Compare Atkins v. People of the State of Michigan*, 644

4

F. 2d at 548.

Secondly, petitioner does not ask this Court to force a trial in the state court in order to protect his constitutional right to a speedy trial. Rather, he asks this Court to dismiss the case outright, something which this Court does not have the power to do. *See Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999). When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him on speedy trial grounds, his habeas action must await the conclusion of state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court,* 218 F. 3d 11, 18, n. 5 (1st Cir. 2000)(internal citations omitted).

Finally, petitioner is not entitled to habeas relief on his claim that his right to a speedy trial was deprived because he was not brought to trial in compliance with Michigan's 180 day rule set forth in M.C.R. 6.004(d), because it is essentially a state law claim. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004). A violation of a state speedy trial law by state officials, by itself, does not present a cognizable federal claim that is reviewable in a habeas petition. *Burns,* 328 F. Supp. 2d at 722 (internal citations omitted). Petitioner's allegation that the State of Michigan violated its own 180 day rule would therefore not entitle him to habeas relief. *Id.*

Petitioner also alleges that he should be released on his own recognizance because he was not been brought to trial within 180 days of his arraignment. It is

proper to raise in a prejudgment habeas petition a claim that the right to bail pending trial was violated, provided the petitioner has successfully exhausted his state court remedies. *See Atkins v. People of the State of Michigan*, 644 F. 2d at 549-50. However, where an adequate remedy of appeal from an order denying a motion to set bail has not been exhausted, a district court should withhold relief in a collateral habeas action. *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951). Because there is no indication that petitioner exhausted his motion for recognizance release with the Michigan appellate courts, this claim is premature.

Finally, petitioner's claim that he is being denied meaningful access to a law library should not be brought as a habeas action, but should instead be brought as a civil action under 42 U.S.C. § 1983. *See Veal v. Cooper,* 936 F. Supp. 511, 512, n. 2 (N.D. Ill. 1996).

In the present case, petitioner has not demonstrated that he is entitled to pre-trial habeas relief on his claims. Petitioner can raise any affirmative defenses in the state trial court and can appeal if he is convicted. This Court declines to disrupt petitioner's state criminal proceedings to prematurely address his claims. Accordingly, the Court will deny the habeas petition without requiring respondent to answer, because it appears from the application that petitioner is not entitled to habeas relief. *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999)(citing to 28 U.S.C. § 2243).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001)(a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams*, 161 F. 3d 259, 262 (5th Cir. 1998)(pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th 1997). A district court has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub*, 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive

encouragement to proceed further. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/George Caram Steeh

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 19, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee

Secretary/Deputy Clerk